IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF WESTERN TEXAS
WACO DIVISION

| | |
|---|---|
| CLINT WALKER,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>   Defendant. | Case No. 6:24-cv-00633 |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COME NOW the Plaintiff, CLINT WALKER, and hereby submits this Complaint, showing the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff CLINT WALKER ("Plaintiff") is a citizen of Waco, TX, in McLennan County, Texas, within the Western District of Texas.

2. Defendant John Doe ("Defendant") is a citizen of another state or country, who has committed tortious acts within the State of Texas, has transacted business within the State of Texas, and has committed acts that have caused injury within the State of Texas. Upon information and belief, Plaintiff believes Defendant to reside in Florida.

3. Upon information and belief, Defendant directed and committed fraudulent activities that targeted Plaintiff's personal contact information and banking accounts in Texas to coerce Plaintiff to divert Plaintiff's personal savings funds in the amount of $20,000 from Plaintiff's USAA checking account ("USAA Account") to a J. P. Morgan Chase Bank account ostensibly owned by Defendant with the associated number XXXXXX8662 ("Chase Bank Account"). Defendant fraudulently induced Plaintiff to transfer Plaintiff's own funds by masking themselves as a member of USAA's fraud department, a national business with its principal place of business in Texas.

1

4. Jurisdiction is proper in Texas state courts pursuant to the Texas Long-Arm Statute, as Defendant's actions "constitute doing business" in this state because the Defendant "commit[ted] a tort in whole or in part in this state. . ." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2) (West 2024).

5. The fraud Defendant committed was as to the conversion of Plaintiff's funds located in a Texas bank account; was related to a Texas business; and was directed at a Texas citizen and business, such that Texas has a substantial interest in providing a forum. The exercise of jurisdiction by this Court over Defendant and banks and other persons and entities acting in concert with Defendant would not violate fairness and substantial justice.

6. Jurisdiction is also proper in Texas federal courts pursuant to 28 U.S.C. § 1331 (federal question under RICO) and, alternatively, § 1332 (diversity of citizenship, as the amount in controversy exceeds $75,000 and, upon information and belief, the Defendant is a citizen of states other than Texas).

7. Venue is proper in the courts located in and covering McLennan County, Texas, pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claim occurred in McLennan County, Texas, located within the Western District of Texas. Specifically, a Texas bank account held by a Texas citizen within a Texas business was targeted by a fraudulent enterprise, of which Defendant is a part. *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994) (venue proper where it had substantial connection to plaintiff's claims); *National Egg Co. v. Bank Leumi Ie-Isreal*, B.M., 514 F. Supp. 1125, 1127-28 (N.D. Ga. 1981) (venue proper where activities targeted parties in the forum state).

**FACTUAL BACKGROUND**

8. At all times relevant to this Complaint, Plaintiff was the owner of the USAA Account in McLennan County, Texas.

9. Upon information and belief, Defendant gained unauthorized access to Plaintiff's personal contact and USAA account information. Upon information and belief, Defendant then contacted Plaintiff via text message and phone call claiming to be a representative of USAA fraud detection services alerting Plaintiff of alleged fraudulent activity on his account.

10. On September 11th, 2024, by virtue of a fraud scheme targeted at Plaintiff, Defendant fraudulently induced Plaintiff to transfer $20,000 of Plaintiff's own funds into a bank account ostensibly controlled by Defendant.

11. On September 11th, 2024, Defendant called Plaintiff via a phone number appearing to have area code 726, which corresponds to the area of San Antonio, to alert Plaintiff of alleged fraudulent activity on Plaintiff's USAA Account.

12. Defendant sent Plaintiff a website link via text message so Plaintiff could verify the alleged fraudulent transactions on the USAA Account. Plaintiff clicked on the link in the text message from the Defendant, entered the username and password for his USAA Account, and was presented with three transactions purportedly on Plaintiff's USAA Account that were allegedly fraudulent: Target Super Center for $215.39, Wire Transfer for $4250.00, and Walgreen's Pharmacy for $35.89. Plaintiff confirmed the transactions were not transactions made by Plaintiff. Because the website Plaintiff logged into actually belonged to Defendant and not to USAA, Defendant now had Plaintiff's USAA username and password.

13. Defendant then stated that they had reasonable suspicion that the fraudulent transactions were taking place at a particular J. P. Morgan Chase Bank branch.

14. Defendant told Plaintiff to physically go into the Chase Bank located at 320 New Rd., Waco, TX, 76710, to assist with an investigation into the purported transactions on the USAA.

15. Defendant claimed that if Plaintiff was unable to physically go into this particular Chase Bank branch before it closed for the day, Defendant would freeze all of Plaintiff's USAA accounts until the investigation was complete, which could take up to a few weeks.

16. Fearing a devastating loss of access to funds which Plaintiff and his wife required for basic necessities, Plaintiff agreed to physically go into the Chase Bank branch provided by Defendant. Defendant then told Plaintiff that Plaintiff would need to use his USAA Account debit card to deposit funds into the Chase Bank Account with account number XXXXXX8662. Defendant claimed this cash advance transaction was so they could trace the transaction and catch the alleged fraudsters in the act.

3

17. Defendant claimed Plaintiff must ensure that the receipt from the cash advance transaction included the bank teller's name and matched the bank teller that assisted Plaintiff. Additionally, Defendant claimed that the cash advance transaction must be in the amount of $20,000 or more so the amount at issue would be attributable to a felony charge and the transaction could then be flagged for investigation.

18. Defendant assured Plaintiff that he would not be transferring his own money in this transaction but rather that USAA would deposit $20,000 into the USAA Account so the money could then be traced from that transaction. Defendant went so far as to instruct Plaintiff to check his USAA Account to verify that the $20,000 from Defendant was deposited into Plaintiff's USAA Account. Plaintiff checked the USAA Account and it appeared that a deposit of $20,000 had been made to his checking account.

19. However, rather than being a deposit of outside funds, that deposit was only a transfer from Plaintiff's savings account to Plaintiff's checking account. Having acquired Plaintiff's USAA username and password when Plaintiff logged in to the fraudulent USAA website to check the "fraudulent transactions," Defendant had used these credentials to log into Plaintiff's USAA account and transfer $20,000 from Plaintiff's savings account to Plaintiff's checking account. Therefore, the $20,000 "deposit" into Plaintiff's USAA Account that Defendant claimed was deposited by Defendant was actually $20,000 from Plaintiff's own savings account with USAA.

20. Fearing the loss of access to his and his wife's finances and reassured by what appeared to be a deposit from USAA into Plaintiff's account to cover the requested transaction, Plaintiff went to the Chase Bank branch identified by Defendant and followed Defendants instructions, actually depositing $20,000 of Plaintiff's own funds into the Chase Bank Account.

21. After the transaction was completed, Defendant informed Plaintiff that Plaintiff's USAA Account debit card was now locked, and Defendant would be sending Plaintiff a replacement card at no extra charge.

22. Later that day, Plaintiff called USAA regarding the transaction and was told he had been the victim of a scam. An actual USAA representative had no knowledge of the transaction or the alleged fraudulent activity claimed by Defendant.

23. The next day, on September 12th, 2024, Plaintiff visited the same Chase Bank branch and asked to speak with the bank manager regarding the transaction and Defendant's fraud scheme against Plaintiff. The bank teller Plaintiff spoke with asked why and Plaintiff explained their interaction with the Defendant, the transaction, and gave the teller the account information. The teller confirmed the account number used for the transaction was a Chase Bank account number. Plaintiff then spoke with the branch manager who performed the same search as the teller but informed Plaintiff the bank could not release the personal information on the Chase Bank Account.

24. The bank manager claimed the Chase Bank fraud team would be alerted and that Plaintiff should contact the USAA fraud department and request the USAA fraud team contact the Chase Bank fraud team. Despite repeatedly providing information about this incident to the USAA fraud department, Plaintiff is unsure whether USAA ever contacted the Chase Bank fraud team.

25. Plaintiff also filed a police report with the Waco, TX police department and filed an Internet Crime Complaint with the FBI. The Waco Police Department eventually informed Plaintiff that the phone call from Defendant did not actually come from San Antonio and that the Chase Bank Account is located in Florida.

## FIRST CLAIM FOR RELIEF
## CIVIL RICO

26. Plaintiff hereby incorporates the preceding paragraphs of his Complaint by reference.

27. Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to the provisions of 18 U.S.C. § 1961, *et seq.*

28. Defendant engaged in conduct of an enterprise through a pattern of racketeering activity that included interstate mail fraud, interstate wire fraud, and money laundering, including but not limited to violations of 18 U.S.C. §§ 1956(a)(2)(A) (money laundering), wire fraud (18 U.S.C.§ 1343), mail fraud

5

(18 U.S.C. § 1341), including but not limited to the use of wire transfers or ACH transfers to divert and hide fraudulently obtained funds and conducting financial transactions with proceeds of unlawful activity. Upon information and belief, Defendant knew that the funds were proceeds of unlawful activities at the time they transferred and converted the funds.

29. Plaintiff has suffered damages in excess of $20,000, which damages were proximately caused by Defendant's RICO violations and Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendant should be liable to Plaintiff. Plaintiff has suffered damages from Defendant's conduct, in that the deposit made by Plaintiff to Defendant relied upon the fraudulent instructions provided by Defendant via the telephone system to coerce Plaintiff's actions.

30. The transaction by Defendant alleged herein was part of a pattern of racketeering activity, including but not limited to transfers of other stolen funds received by, contained in, and transferred from the Chase Bank Account used in the scheme, along with funds from other, similar fraudulent schemes targeting other persons and entities in Texas and other States and countries.

31. Upon information and belief, Defendant's transactions alleged herein were not isolated in light of the complex nature of the scheme to hack personal banking accounts, intercept communications, and fraudulently direct and divert funds to the Chase Bank Account.

32. Defendant engaged in secrecy, disguising and hiding their true identity from Plaintiff, posing as a representative of USAA's fraud detection department, and directing funds from Plaintiff's USAA Account to the Chase Bank Account using this false identity. This secrecy demonstrates intentional conduct by Defendant. See, e.g., *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1402 (11th Cir. 1994).

33. Defendant went to great lengths to hide their scheme from Plaintiff, including hiding their identity, creating and directing Plaintiff to a fake USAA website login, coercing Plaintiff to unknowingly transfer Plaintiff's funds to the Chase Bank Account, and soliciting participants to accomplish the ends of the scheme.

34. Plaintiff suffered damages in excess of $20,000, which damages were proximately caused by Defendant's RICO violations, and is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c), for which Defendant is liable to Plaintiff.

## SECOND CLAIM FOR RELIEF
## MONEY HAD AND RECEIVED

35. Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

36. Defendant directed funds from Plaintiff's USAA Account to be transferred into the Chase Bank Account for the benefit of Defendant. These funds constitute money which Defendant is not entitled in good conscience to retain and which in equity and good conscience, they should pay to Plaintiff.

37. Defendant has the obligation in equity and good conscience to repay the funds that were deposited by Plaintiff to the Chase Bank Account, which funds were deposited into said account as the result of fraud.

38. Defendant has caused damage to Plaintiff by engaging in the fraudulent transactions and directing funds from Plaintiff's USAA Account to the Chase Bank Account, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

## THIRD CLAIM FOR RELIEF
## FRAUD

39. Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

40. Defendant obtained funds intended for Plaintiff through a fraudulent scheme as alleged above. Defendant either committed these acts themselves or acted through agents over whom they controlled the time, manner, method, and means of committing the fraud, or with a co-conspirator, for the purpose of transferring the funds into the Chase Bank Account.

41. Defendant knew they did not own the funds from Plaintiff's USAA Account, and they provided fraudulent information to Plaintiff for the purpose of fraudulently obtaining the funds from Plaintiff's personal banking account.

42. Defendant intended that Plaintiff rely on their misrepresentations as to their identity and the affiliation with the USAA fraud department.

43. Plaintiff did, in fact, foreseeably rely on the aforesaid misrepresentations by Defendant.

44. The actions of Defendant constitute fraud for which Plaintiff is entitled to recover damages from Defendant.

45. Defendant committed fraud, for which they should be liable in damages and for injunctive relief ordering that they and all persons acting in concert with them cease all transfers or negotiation of the funds and return the funds to Plaintiff.

### FOURTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY

46. Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

47. Upon information and belief, Defendant conspired and agreed with one or more other persons and entities to commit the fraudulent acts set forth herein.

48. As set forth above, Defendant and their co-conspirators acted pursuant to a common intent and design with other individuals and/or entities to fraudulently move funds owned by Plaintiff to the Chase Bank Account.

49. Plaintiff was damaged by the aforesaid conspiracy, for which Defendant is liable in damages.

### FIFTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

50. Plaintiff hereby incorporates the preceding paragraph of this Complaint by reference.

51.     As set forth above, Defendant fraudulently obtained funds rightfully belonging to Plaintiff through a series of acts that ultimately caused Plaintiff to transfer $20,000 of Plaintiff's own savings funds into the Chase Bank Account ostensibly controlled by Defendant.

52.     Defendant should not be allowed to enjoy the beneficial interest or ownership of the funds fraudulently transferred without violating established principles of equity.

## **SIXTH CLAIM FOR RELIEF**
## **INJUNCTIVE RELIEF**

53.     A constructive trust should be imposed on all funds traceable to the deposit of $20,000 in the Chase Bank Account to prevent unjust enrichment of Defendant.

54.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

55.     As set forth above, there is a substantial likelihood that Plaintiff will prevail on the merits of his claims. If this injunction is not granted, Plaintiff stands to suffer irreparable injury, loss and damage if Defendant further negotiates from the Chase Bank Account or uses proceeds from the stolen funds in the Chase Bank Account. In light of the fraudulent activity which resulted in money entering into the recipient accounts, including but not limited to the Chase Bank Account, Defendant is likely to dispose of Plaintiff's property and funds if the relief requested herein is not granted. The threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendant. Granting an injunction will not disserve the public interest in that there is no public interest in recipients of fraudulent transfers retaining such funds.

56.     An injunction, including but not limited to an asset freeze and a freeze on the Chase Bank Account, is warranted and should be issued on a temporary and permanent basis pursuant to Federal Rule of Civil Procedure 65. The injunction should restrain Defendant, all persons acting in concert with or in participation with them, their officers, directors, agents, representatives, successors, assigns, any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies that engage in the processing or transferring of money and/or real or personal property, who receive actual notice of the Court's Order by personal

service or otherwise from, without prior approval of the Court, transferring, disposing of, or secreting any money or proceeds of money from Defendant and any other assets of Defendant from accounts associated with or utilized by Defendant, or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to Defendant, into or out of any accounts associated with or utilized by Defendant, regardless of whether such accounts are located in the United States or abroad, including but not limited to the Chase Bank Account. This Order should include but not be limited to any and all accounts and assets utilized or owned by Defendant.

### **SEVENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES**

57.   Plaintiff hereby incorporates the preceding paragraphs of this Complaint by reference.

58.   Upon information and belief, Defendant acted intentionally; deliberately disregarded the rights of others with knowledge of the facts or intentional disregard of the facts creating a high probability and high degree of probability of injury to the rights of others; authorized the aforesaid acts; and ratified and approved the acts of others involved in the conspiracy to obtain Plaintiff's USAA Account funds. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant under TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(1) (West 2024).

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.   That process issue in accordance with the law;

B.   That Plaintiff has a judgment for injunctive relief and disgorgement of funds wrongfully taken, received, and misappropriated by Defendant, including but not limited imposing an asset freeze on assets of Defendant, Defendant's accounts, including but not limited to the Chase Bank Account, and all other accounts which received the fraudulently transferred funds set forth herein;

C.   That Plaintiff be awarded compensatory, nominal, treble, and general damages against Defendant;

D. That Plaintiff be awarded punitive damages against Defendant;

E. That Plaintiff be awarded all costs of this action and attorneys' fees against Defendant; and

F. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: December 13, 2024

Respectfully Submitted,

*/s/ Warren T. Burns*
Warren T. Burns
Hannah M. Crowe
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel.: (469) 904-4550
wburns@burnscharest.com
hcrowe@burnscharest.com

Daniel E. Gustafson*
Daniel J. Nordin*
Emily B. Egart*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dnordin@gustafsongluek.com
eegart@gustafsongluek.com

*\*To be admitted Pro Hac Vice*

**Counsel for Plaintiff**